FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JOSEPH MARTIN PARISIEN,<br>ALAHNA RAE LEA TIMENTWA, and<br>GABRIEL ELAISE TIMENTWA,<br><br>  Defendants. | No. 2:24-CR-00079-RLP-1,2,3<br><br>ORDER ON DEFENDANT PARISIEN'S MOTIONS TO DISMISS, TO EXCLUDE EXPERT TESTIMONY, AND TO REQUIRE PROOF OF SUBSTANTIAL BODILY INJURY |

Before the Court are Defendant Joseph Martin Parisien's Motions to Dismiss, Exclude Expert Testimony, and Require the Government to Prove Substantial Bodily Injury. ECF Nos. 75, 77, 78. For the reasons discussed below, the Court denies the Motion to Dismiss, reserves ruling on the Motion to Exclude Expert Testimony, and grants in part and denies in part the Motion to Require the Government to Prove Substantial Bodily Injury.

//

ORDER ON DEFENDANT PARISIEN'S MOTIONS TO DISMISS, TO EXCLUDE EXPERT TESTIMONY, AND TO REQUIRE PROOF OF SUBSTANTIAL BODILY INJURY * 1

## BACKGROUND

Mr. Parisien is charged with kidnapping using an instrumentality of interstate commerce, kidnapping in Indian country, assault with intent to commit a felony in Indian country, and assault resulting in substantial bodily injury to an intimate and dating partner in Indian country under 18 USC § 113(a), § 1201(a)(1), and §1153. ECF No. 1. Co-Defendants Alahna and Gabriel Timentwa are also charged with kidnapping using an instrumentality of interstate commerce and kidnapping in Indian country. *Id*.

In 2024, Mr. Parisien is alleged to have assaulted his girlfriend, A.P., at a home in Airway Heights, Washington, before taking her to the Spokane Tribe Casino where another assault occurred, leading to her kidnapping with the assistance of Mr. and Ms. Timentwa. *See* ECF Nos. 78-1 at 2; 84 at 2-4. The Spokane Tribe Casino is located on land purchased in fee by the Spokane Tribe of Indians ("the Tribe") in 1998. ECF No. 75-1. The Tribe gifted the land to the United States in 2001. ECF Nos. 75-2; 84-1, ¶4. The United States subsequently placed the land in federal trust[1] for the Tribe. *Id*. In 2018, the Department of the

---

[1] A title report generated by the Bureau of Indian Affairs in 2024 lists the Spokane Tribe as the "Owner" of the property, with a title status of "Trust." ECF No. 75-4 at 4.

ORDER ON DEFENDANT PARISIEN'S MOTIONS TO DISMISS, TO EXCLUDE EXPERT TESTIMONY, AND TO REQUIRE PROOF OF SUBSTANTIAL BODILY INJURY * 2

Interior proclaimed the land to be a part of the Spokane Tribe Reservation. ECF Nos. 75-3; 84-1, ¶4. The United States provided permission for a roundabout to be constructed on the land, and for all utilities running across it. ECF No. 84-1, ¶6.

## MOTION TO DISMISS

Mr. Parisien, joined by Ms. Timentwa, moves to dismiss the charges of kidnapping and assault in Indian country. Mr. Parisien contends that the Spokane Tribe Casino is not located in Indian country, and therefore this Court lacks subject matter jurisdiction over these claims.

18 U.S.C. § 1153(a) provides:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

18 U.S.C. § 1151 defines "Indian country" as follows:

> (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

For land to be a "dependent Indian community" and therefore Indian country under § 1151(b), there must be a finding of both a federal set-aside, and federal superintendence. *Alaska v. Native Vill. of Venetie Tribal Gov't*, 522 U.S. 520, 530, 118 S. Ct. 948 (1998). Mere tribal ownership is insufficient to render land "Indian country." *Blunk v. Arizona Dep't of Transp.*, 177 F.3d 879, 883 (9th Cir. 1999).

The Secretary of the Interior is empowered to acquire lands for the purpose of providing them for Indian tribes. 25 U.S.C. § 5108. The United States shall hold acquired lands in trust for the Indian tribe for which the land is acquired. *Id*. The Secretary of the Interior may proclaim such lands part of an existing reservation. 25 U.S.C. § 5110. Lands held in trust by the United States for an Indian tribe may only be conveyed with the approval of the Secretary of the Interior or Congress. 25 C.F.R. § 152.22(b). Likewise, the United States must approve any request for a right-of-way across lands held in trust for an Indian tribe. 25 C.F.R. § 169.

"As a general matter, [] off-reservation trust land . . . is 'Indian country' [under § 1151(b)] with all the jurisdictional consequences that attach to that status." *Club One Casino, Inc. v. Bernhardt*, 959 F.3d 1142, 1149 (9th Cir. 2020); *see also Cheyenne-Arapaho Tribes of Oklahoma v. State of Okl.*, 618 F.2d 665, 668 (10th Cir. 1980) ("[L]ands held in trust by the United States for the Tribes are Indian Country within the meaning of [§] 1151(a).").

//

ORDER ON DEFENDANT PARISIEN'S MOTIONS TO DISMISS, TO EXCLUDE EXPERT TESTIMONY, AND TO REQUIRE PROOF OF SUBSTANTIAL BODILY INJURY * 4

Here, the land on which the Spokane Tribe Casino is located is held in trust by the United States for the Tribe. The land was declared by the Secretary of the Interior to be part of the Spokane Tribe Reservation in 2018. Therefore, it is clearly Indian country under § 1151(a). The land is also a "dependent Indian community" and therefore Indian country under § 1151(b) as well. The reservation declaration, as well as the United States' decision to acquire and hold the land in trust for the Tribe, satisfies the federal set-aside requirement. That the United States' approval is necessary to convey the land, or approve a right-of-way across it, demonstrates the federal superintendence requirement is met.

Mr. Parisien asserts that the land is a tribal, not federal, set-aside as the Tribe conveyed the land to the United States for the purpose of building a casino. However, he provides no law which makes this a material distinction. Regardless of why and how it came to be, the land is owned by the United States,[2] has been set-aside for the Tribe and declared to be a part of the Tribe's Reservation, and the United States holds and has exercised superintendence. This satisfies the definition

---

[2] Mr. Parisien contends the land may not be truly owned by the United States, pointing to the label on title report. The Court declines to find that a listed owner in a title report supersedes the warranty deed conveying the land to the United States or the Department of the Interior's Final Opinion of Title. *See* ECF No. 75-2.

ORDER ON DEFENDANT PARISIEN'S MOTIONS TO DISMISS, TO EXCLUDE EXPERT TESTIMONY, AND TO REQUIRE PROOF OF SUBSTANTIAL BODILY INJURY * 5

of Indian country under both § 1151(a) and (b), and thus establishes federal jurisdiction over the charges for kidnapping and assault in Indian country against Defendants. Mr. Parisien's Motion to Dismiss is denied.

MOTION TO EXCLUDE EXPERT TESTIMONY

Mr. Parisien, again joined by Ms. Timentwa, moves to exclude the testimony of Dr. Mindy Mechanic. The government has identified Dr. Mechanic as an expert it intends to have testify on "counterintuitive victim behavior in cases of intimate partner violence and coercive control." ECF No. 69-4.

FRE 702 requires expert testimony "rest[ ] on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597, 113 S. Ct. 2786 (1993). Such testimony is relevant if it "logically advance[s] a material aspect of the party's case," *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007), and is reliable if the expert has a "basis in the knowledge and experience of the relevant discipline." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) *overruled on other grounds*, *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020).

The Court has concerns about the reliability and relevance of Dr. Mechanic's opinions in this case. While courts in the Ninth Circuit have repeatedly affirmed similar testimony on Battered Woman Syndrome as relevant, the relevance of such testimony was in the context of a victim of an *ongoing pattern* of

domestic violence or abuse. *See, e.g.*, *United States v. Lopez*, 913 F.3d 807, 820 (9th Cir. 2019); *see also Diaz v. Covello*, 2025 WL 1392587, at *15 (E.D. Cal. May 14, 2025) (concerning expert testimony on counterintuitive behavior of a victim of child sexual assault where assaults occurred over a number of years).

While A.P. acknowledged being a victim of domestic violence as a result of the allegations against Mr. Parisien, ECF No. 77-2 at 4, there is no evidence she has been the victim of any other acts of domestic violence or that her relationship with Mr. Parisien involved an ongoing pattern of abuse. Nor does Dr. Mechanic's report state whether counterintuitive victim behavior can occur as the result of a single instance of domestic violence. ECF No. 69-7. It is therefore not clear that Dr. Mechanic's testimony on counterintuitive victim behavior will be relevant to A.P., or that her opinions are formed on a reliable basis.

For the reasons set forth above, the Court reserves ruling on Mr. Parisien's Motion to Exclude. The government is directed to note a *Daubert* hearing for Dr. Mechanic to occur at the pretrial conference on October 21, 2025 if it intends to introduce her testimony.

## MOTION TO REQUIRE THE GOVERNMENT TO PROVE SUBSTANTIAL BODILY INJURY

With regards to his charge for assault resulting in substantial bodily injury to an intimate and dating partner in Indian country, Mr. Parisien also moves to require

the government to prove that the assault resulting in substantial bodily injury occurred in Indian country, i.e., at the Spokane Tribe Casino and not the residence in Airway Heights. The Court agrees that Mr. Parisien has correctly stated the government's burden of proof. However, it is not clear what relief Mr. Parisien seeks at this time. Jury instructions have yet to be submitted. The Ninth Circuit model jury instructions for assault of an intimate or dating partner already state the government must prove beyond a reasonable doubt that the assault took place in a place of federal jurisdiction. Model Crim. Jury Instr. 9th Cir. 8.11 (2024). If Mr. Parisien wishes to submit his own proposed jury instruction clarifying this point, he is free to do so.

The Court therefore grants this motion in part, and denies it in part.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Parisien's Motion to Dismiss, **ECF No. 75**, is **DENIED**.

2. The Court **RESERVES** ruling on Mr. Parisien's Motion to Exclude Expert Testimony, **ECF No. 77**.

3. The government is directed to note a *Daubert* hearing for Dr. Mechanic to occur at the pretrial conference on October 21, 2025.

4. Mr. Parisien's Motion to Require the Government to Prove Substantial Bodily Injury, **ECF No. 78**, is **GRANTED in part** and **DENIED in part**.

ORDER ON DEFENDANT PARISIEN'S MOTIONS TO DISMISS, TO EXCLUDE EXPERT TESTIMONY, AND TO REQUIRE PROOF OF SUBSTANTIAL BODILY INJURY * 8

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

DATED June 25, 2025.

_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE